IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNIE WHITAKER | ) | CASE NO. 4:10CV0815 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| v. | ) | |
| | ) | |
| J. T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Johnnie Whitaker ("Whitaker"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, brought this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. He states in his Petition that he is serving a sentence of 120 months for conspiracy to possess with intent to distribute cocaine, and carrying and possessing a weapon in relation to a drug trafficking crime. His projected release date is December 22, 2010. Petitioner asserts that he is entitled to Residential Re-entry Center ("RRC") placement for 12 months or the balance of his sentence if he is less than 12 months from release.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736 *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001). Since Whitaker is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir.2003), *overruled on other grounds, Jones v. Bock*, 549 U. S. 199 (2007); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999). For the reasons set forth below, his Petition lacks merit.

A federal prisoner must exhaust his administrative remedies prior to filing a habeas petition

under § 2241. *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231 (6th Cir.2006); *Little v. Hopkins,* 638 F.2d 953, 953-54, (6th Cir.1981). After Whitaker was notified that he was being considered for a 45 to 60 day RRC placement, he filed an Informal Resolution Form. It was rejected on January 20, 2010 because of a recent incident report. (Exh. 5A). The next day he appealed this decision asserting that the incident was not a valid reason for denying meaningful placement. (Exh. 6). An unfavorable response from Warden J.T. Shartle was dated February 19, 2010. (Exh. 6A). His appeal from the Warden's decision was denied on March 24, 2010 by J.L Norwood, the Regional Director of the Bureau of Prisons ("BOP"). (Exh. 7A). Then on April 7, 2010, Whitaker appealed this decision to the General Counsel. (Exh. 8). This appeal was still pending on April 22, 2010, the date his Petition was filed.

Administrative remedies available to inmates confined in BOP institutions, are set out in 28 C.F.R. §§ 542.10-542.19 (2000). Section 542.13(a) requires that an inmate first informally present his complaint/request to the staff, thereby providing them with an opportunity to act to correct the problem, before filing a request for an administrative remedy. If unsuccessful, he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden within "20 calendar days following the date on which the basis of the Request occurred." *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to officials outside the prison with a BP-230 form (formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located, and then to the Office of General Counsel of the BOP (a BP-231, formerly BP-11). *See* § 542.15(a)-(b).

For the last two appeal levels, the Regional Director has 30 days to respond and General Counsel, 40 days. § 542.18. "If the inmate does not receive a response within the time allotted for

reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id. See McIntosh v. Hickey*, 2010 WL 1959308, * 2 -3 (E.D. Ky., May 17, 2010).

The General Counsel's response was due on May 17, 2010. Whitaker filed his Petition on April 22, 2010. Whitaker asserts that he should be allowed to file this action without exhausting the administrative appeal process because to do so would be futile. The Director of the BOP, Harley Lappin, allegedly publically stated on July 15, 2008, that he does not support anyone going to an RRC for more than six months. The final decision is made by the General Counsel not the Director of the BOP. There is nothing in the Petition indicating that the General Counsel would rule as the Director of the BOP desires. Whitaker filed this Petition 25 days early. (April 22, 2010 to May 17, 2010, the date the General Counsel was required to make his decision on Whitaker's appeal). In view of this Court's decision on this matter, and because denial was based on an incident report for which he was found guilty and sanctioned that will likely result in the denial of the final appeal, the Court will rule on the merits. *See* Exh. 7A.

The Second Chance Act, 18 U.S.C § 3624(c)(1), provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." As a result of this statute and the new 12-month maximum placement, the BOP issued guidance directing that 'inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates.'" *Ramirez v. Eichenlaub,* 2008 WL 4791892, 3 (E.D. Mich., Oct. 30, 2008) (quoting *Miller v. Whitehead*, 527 F.3d 752, 755 (8th Cir.2008).

Although RRC placement is helpful for readjustment to society, a federal prisoner does not

have a federal right to serve the final twelve months of his sentence in a RRC. While the Second Chance Act allows the BOP to place an inmate in an RRC for as much as twelve months of his sentence, it does not automatically entitle, or guarantee, any prisoner placement in a RRC. *See Demis v. Sniezek,* 558 F.3d 508, 514 (6th Cir.2009). *Harris v. Hickey*, 2010 WL 1959379, 3 (E.D. Ky., May 17, 2010). The Act only requires the BOP to consider placing an inmate in an RRC for *up to* a twelve month period. *Demis,* 558 F.3d at 514. Pursuant to the administrative regulations promulgated as a result of the Second Chance Act, the decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). *Rules and Regulations, Department of Justice, Bureau of Prisons,* 73 Fed.Reg. 62,440; 62, 441-42 (Oct. 21, 2008). McIntosh, 2010 WL 1959308 at * 3.

Whitaker asserts that the Court should follow *Krueger v. Martinez*, 665 F. Supp.2d 477 (M.D. Pa., 2009), wherein the court stated:

> In other words, while staff have absolute discretion to recommend RRC placement for 0-6 months, if they want to recommend a placement of a longer duration they must be able to demonstrate "unusual or extraordinary circumstances justifying" the recommendation. ( *See* Doc. 17, Pet'r's Ex. U, Nov. 14, 2008 Mem.) This language effectively chills staff discretion because staff are aware of the institutional preference for a RRC placement of six months or less, a preference that is contrary to the apparent purpose of the Second Chance Act.
>
> The BOP's memoranda add additional hurdles that find no support in the text of the Second Chance Act. While it may be true that any given prisoner need not be placed in a RRC for longer than six months, it is not universally true that every prisoner will benefit from the same limitations. By depriving the initial decision maker of the ability to recommend placement unfettered by a presumptive six month cap, the BOP significantly reduces the possibility of a truly individualized review that objectively determines the duration required "to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). Accordingly, because the duration of Krueger's RRC placement was determined pursuant to these impermissible limitations, the BOP abused its discretion in deciding that Krueger's placement would be for five to six months.

Id. at 483.

A recent case out of the Middle District of Pennsylvania decided not to follow *Krueger*, *McDonald v. Obama*, 2010 WL 1526443 * 6 -7 (M.D. Pa., Mar. 15, 2010).  This court recognized that the majority of courts hold that the "Bureau of Prisons' requirement of regional director approval, and the agency's stated view that many inmates can have their needs met through 180-day RRC placements, do not violate the Act." *Id*. (citing *Miller v. Whitehead*, 527 F.3d 752,755-58 (8th Cir.2008) (other citations omitted). The requirement of approval of the regional director for 12-month RRC placements and the various agency statements expressing an institutional view that RRC placements of 6 months or less are generally adequate for most inmates, reflect the BOP's' exercise of its discretion in implementing the Act. An inmate is entitled only to the individualized consideration of this RRC placement called for by the Act. *Id*.

Whether to place an inmate in RRC is determined on an individual basis using the following criteria:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence;
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant
> to section 944(a)(2) of title 28.

18 U.S.C. § 3621(b)(1)-(5).  These factors were used in deciding not to allow Whitaker the extended RRC placement as well as the individual's needs, existing community resources, institutional adjustment, length of sentence and the need to provide for the safety and security of the general public.  (Exh. 7A). Whitaker argued in his appeal that the incident report which was the basis for ignoring the § 3621(b) factors should not have been used in the decision to deny RRC placement

5

because he had been sanctioned. Also, he states that the public safety factor does not warrant restricted placement. (Exh. 8).

The incident report apparently influenced the decision of the Warden and the Regional Director which related to his history and characteristics as well as the safety of the general public. His argument that the incident report should not have been used because he was sanctioned is ludicrous. This Court does not have the authority to change the discretionary decision of the denial of RRC placement. At best, the Court could order further determination. However, it appears that BOP officials are of the opinion that, using the required factors, Whitaker does not qualify for placement in RRC longer than six months.. He will be placed in RRC for 45 to 60 days. Officials performed their obligation under the Act. There is no reason to order another review.

Accordingly, This action is dismissed. *See* 28 U.S.C. § 2243.[1]

IT IS SO ORDERED


Date:                                                             **S/Peter C. Economus - 6/14/10**
                                                                  JUDGE PETER C. ECONOMUS
                                                                  UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.